IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Deon Dinkins,<br><br>      Petitioner,<br>vs.<br><br>Warden of F.C.I. Williamsburg,<br><br>      Respondent. | Civil Action No. 0:23-3892-CMC<br><br>**ORDER** |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241, regarding the good time credit he alleges he earned pursuant to the First Step Act of 2018. ECF No. 1. Petitioner also filed a motion for emergency injunction, requesting the court order the BOP to place him in prerelease custody immediately based on his good time credits. ECF No. 9.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a motion to dismiss or for summary judgment on October 11, 2023, asserting Petitioner failed to exhaust his administrative remedies before filing his application. ECF No. 12. Because Petitioner is proceeding *pro se*, a *Roseboro* Order was sent on October 11, 2023, advising him of the importance of the motion and the need to file an adequate response. ECF No. 13. Petitioner filed a response. ECF No. 16.

On December 13, 2023, the Magistrate Judge issued a Report recommending Respondent's motion to dismiss be granted and this matter be dismissed for failure to exhaust administrative remedies, and the motion for injunction be denied for failure to demonstrate a likelihood of success on the merits. ECF No. 18. The Magistrate Judge advised Petitioner of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so. The court has received no objections and the time for filing has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Respondent's motion to dismiss is granted and this application is dismissed without prejudice for failure to exhaust administrative remedies. Petitioner's motion for injunction (ECF No. 9) is denied.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
January 4, 2024